2005 OK JUD ETH 1

**JUDICIAL ETHICS OPINION 2005–1.**

**No. 2005–1.**

Oklahoma Judicial Ethics Advisory Panel.

Feb. 25, 2005.

---

## JUDICIAL ETHICS ADVISORY PANEL

**QUESTION 1:**

May a sitting judge attend Christmas and holiday parties hosted by lawyers and law firms when:

1) It is lawyers only from one firm or group?

2) It is lawyers only, from more than one firm or group, apart from a general function sponsored by a bar association or similar group?

3) It is lawyers and their clients, or other lay people?

**QUESTION 2:**

May a judge accept social invitations from attorneys who are former partners, associates or social friends for many years, who appear regularly on the judge's docket? Does it make a difference whether other court personnel or lay people are present at those functions or whether it is a one on one situation?

**ANSWERS:**

Question 1:

1) Yes, with restrictions;

2) Yes, with restrictions;

3) Yes, with restrictions.

**Question 2:** Yes, with restrictions

■ **DISCUSSION:** Canon 4D(5)(c) allows a judge to accept "ordinary social hospitality" so long as it does not violate any other provision of the Code of Judicial Conduct. The question then becomes fact specific in each instance as to whether the social hospitality proffered is "ordinary social hospitality," whether the acceptance of the same might give rise to a question of public confidence in the impartiality and integrity of the judiciary or give rise to question of violation of Canon 2(B) which provides that "A judge should not allow family, social, political or other relationships to influence the judge's judicial conduct or judgment . . ."

The Ethics Commission of several states have commented on these and similar questions. The commentary to Canon 4A of the 1990 ABA's Model Code of Judicial Conduct states that, "Complete separation of a judge from extra-judicial activities is neither possible nor wise; a judge should not become isolated from the community in which the judge lives." California Advisory committee Opinion 43 elaborates that separation of a judge from friends and the community is "not healthy" because "it tends to isolate judges from both the interests and concerns of their community, including the legal community." We concur with these statements as broad statements of principal, but as the saying goes, "The devil is in the details."

■ Attendance at law firm holiday open houses has been approved in advisory opinions from Washington State, New York and Texas, but not approved by New Jersey. See New Jersey Informal Advisory Opinion 62–92 and Opinion 3–91. The California Committee notes that judges, like other members of society must be able to extend common courtesies and social amenities to others and be willing guests and willing hosts. California Advisory Opinion 43 (1994). The committee defined "ordinary social hospitality" as "that type of social event or other gift which is so common among people in the judge's community that no reasonable person would believe that the donor was intending to or would obtain any advantage." In determining whether a social event is ordinary, social hospitality the California committee directed judges to consider the following factors: "The cost of the event or gift, whether the benefits conferred are greater in value than that traditionally furnished at similar events sponsored by bar associations or similar groups, whether the benefits are greater in value than that which the judge customarily provides the judge's own guests, whether the benefits conferred are usually exchanged only between friends or relatives, whether there is a history or expectation of reciprocal social hospitality between the judge and the donor, whether the event is a traditional occasion for social hospitality, and whether the benefits received must be reported to any governmental entity." We believe these to be good common sense considerations and recommend their consideration to the Oklahoma judiciary.

■ Some specific limitations suggested by others include the New York Opinion 87–12(a) and 87–15(a) that "ordinary" hospitality does not include a party at an expensive restaurant, a cruise or similar affair that is expensive and lavish. Similarly, Georgia advises that a judge should not attend an out-of-state weekend sponsored by a law firm (Georgia Advisory Opinion 13). However, Alabama approved a judge accepting food, lodging and entertainment for the judge and spouse from a law firm in exchange for providing a legal seminar at the firm's annual outing. Texas Advisory Opinion 39 found a judge may accept a law firm's invitation to be a guest at a state lodge. We approve of the Alabama situation, but have reservations as to the propriety of the situation covered by the Texas opinion.

■ There is no "one size fits all" answer to the questions asked. Certainly, the appearance of impropriety would be high should the judge accept such invitations from a firm involved in a "high profile case" currently assigned to the judge. A judge should be cautious about accepting invitations from one group, but declining invitations from its counterpart, i.e., those identified as plaintiffs or defendants advocates. The bottom line is for the judge to ask, "Could my acceptance of this invitation give rise to the perception by

reasonable persons that it might cause me to act in a manner not keeping with my obligation to avoid impropriety and to maintain the impartiality and independence required of the judiciary?"

The second question relating to the propriety of accepting social invitations from attorneys who are former partners, associates or social friends who are regularly on the judge's docket adds but another twist to those addressed in the first question. Our answer is basically the same; that one may do so as long as it would not reasonably be construed, either in the legal community or the general community in which the judge lives and serves, as likely to carry the impression that such persons are in a special position to influence the judge, Canon 4A(1), or to interfere with the judge's ability to perform the duties of judicial office fairly and impartially, Canon 4A(3).

/s/ Robert L. Bailey, Chairman

/s/ Robert D. Simms, Vice Chairman

/s/ Milton C. Craig, Secretary